MÉNDEZ, PLAINTIFF AND APPELLEE, *v.* BALDASSARI, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 2218.—Decided June 14, 1920.

NEGLIGENCE—DAMAGES—AUTOMOBILE—DRIVER.—The fact that the owner of a private automobile employs a "driver" instead of a "chauffeur" to operate his vehicle for pay does not make him liable for the negligence of the driver if the owner was not in the vehicle at the time.

The facts are stated in the opinion.

*Mr. J. Sabater* for the appellant.

*Messrs. Benet* and *Souffront* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant is the owner of a private automobile which he usually drives himself, but sometimes he employs for driving it a person with an operator's license and pays him for such occasional services. On an occasion when the appellant was not in his automobile and it was being driven by the said operator a collision occurred, through the negligence of the operator, with another automobile belonging to the appellee and judgment was given against the appellant for the damages done to the appellee's automobile, the trial court holding that he was guilty of negligence *per se* in allowing his automobile to be driven by a person who had not a *chauffeur's* license. The appellant contends that

the court erred in so holding, and on that ground prays that the judgment be reversed.

We have examined carefully the Motor Vehicles Act (Act No. 75 of April 13, 1916) and find nothing therein which makes it the duty of the owner of an automobile necessarily to employ a *chauffeur* for driving his vehicle, nor anything prohibiting his employing an operator. As we said in *Arenas et al.* v. *Commissioner of the Interior,* 26 P. R. R. 675, any person who has a license as *chauffeur* or operator may drive a motor vehicle, for the law exacts the same personal qualifications for obtaining a license either as a *chauffeur* or as an operator and the fees to be paid into the public treasury are the same. The only difference we find in the law between an operator and a *chauffeur* is that the latter receives pay for his services, for the definition of *chauffeur* in section 1 is "any person who is paid for operating a motor vehicle," while an operator is "any person who operates a motor vehicle, other than a *chauffeur.*" The operator as well as the *chauffeur* is authorized to drive motor vehicles, but the name of *chauffeur* is applied to a person who is paid for rendering such service. Therefore the owner of an automobile may employ for driving it either an operator or a *chauffeur,* for both are authorized by law to drive motor vehicles. This conclusion is substantiated by section 17 of the act, which provides that the owner of any motor vehicle shall be responsible for damage caused by the negligence of the operator or *chauffeur* while such owner is in the vehicle, imposing liability upon the owner of a motor vehicle for damages caused by the negligence of the operator or *chauffeur* only when an accident occurs when the owner is in the vehicle. In this case the appellant is not responsible because he was not in his automobile when the accident occurred, and this conclusion is supported by the holding of this court, that the owner of a motor vehicle not devoted to a business

or enterprise is not liable for the damage caused by the negligence of his *chauffeur*, in the cases of *Vélez* v. *Llavina*, 18 P. R. R. 634; *Alicea* v. *Aboy*, 23 P. R. R. 100, and *Truyol & Co.* v. *West India Oil Company*, 26 P. R. R. 321.

It is true that subdivision (*k*) of section 5 of the act provides that "no person shall allow a motor vehicle owned by him or under his control to be operated by a person not legally authorized to do so or in violation of the provisions of this Act, and no person shall hire a *chauffeur* to drive his automobile without ascertaining that he has a proper license," but that provision can not serve as a basis for a judgment against the appellant in this case, because he employed for driving his automobile, a motor vehicle, a person who was lawfully authorized to drive such vehicles by being licensed as an operator, and we can not say that the appellant violated the law in any other respect. As regards the last part of the paragraph quoted, it is true that it provides that the owner of a motor vehicle shall not hire a *chauffeur* to drive it without ascertaining that he has a proper license, but, as we have said, the qualifications required by law for obtaining a license as operator or *chauffeur* being the same, we do not believe that it means that when a person is paid for driving a motor vehicle he must have a *chauffeur's* license necessarily and that an operator can not be so employed when both are authorized to drive motor vehicles.

For the foregoing reasons the judgment appealed from must be

*Reversed.*

Chief Justice Hernández and Justices del Toro and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.